UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO JOSE SIVIRA MANZANO (A#244-595-238),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-07284-DAD-SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that Petitioner entered the U.S. on June 24, 2024 and was released on conditional parole, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner did not commit any crimes and complied with conditions of release. Immigration authorities nonetheless re-detained Petitioner on July 30, 2026. Petitioner does not have an order of removal.

Considering all of these factors, and consistent with the court's reasoning and rulings in substantively identical cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. <u>See</u>

Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition and order immediate release on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)); Ramos v. Warden, California City Corr. Ctr., No. 26-CV-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026) ("[T]he appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count one.[1]

2. Respondent be ordered to immediately release Petitioner NORBERTO JOSE SIVIRA MANZANO (A#244-595-238), from their custody subject to the same conditions of release that he was subject to prior to his re-detention.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve the California City Detention Facility with any order for release.

b. Enter judgment for Petitioner and to close this case.

---

[1] In the interests of judicial economy and based on the recommended relief, the undersigned finds it unnecessary to address the remaining claims in the § 2241 petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE